IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr258

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| HUNG VAN NGUYEN | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant to issue a new judgment to enable him to file notice of appeal. (Doc. No. 100).

The Court entered judgment in this case on September 6, 2006. (Doc. No. 93). Counsel for the defendant received actual notice on or about that date that judgment had been entered. (Doc. No. 100: Affidavit at ¶ 10). Because it was a busy week in their office, counsel's secretary did not follow the normal office procedure of giving a file containing the judgment to counsel for review. (Doc. No. 100: Affidavit at ¶ 13). On October 27, 2006, the family of the defendant informed counsel that the defendant had been moved to a Bureau of Prisons facility in Virginia. (Doc. No. 100: Affidavit at ¶ 17). Some time after that, the defendant's file with the judgment was located in the office. (Doc. No. 100: Affidavit at ¶ 18). The instant motion was filed on November 21, 2006.

A district court may extend the time for filing a notice of appeal upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). However, such a motion must be made within 30 days of the expiration of the time otherwise provided by Rule 4. Here, the Court does not have authority to extend the deadline for filing a notice of appeal because the defendant did not file his motion in the time required by Rule 4, which expired on or about October 20, 2006.

Because the defendant received actual notice of entry of judgment, the Court is without authority to reopen the time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(6).

The defendant asks the Court to bypass these Rules of Appellate Procedure by issuing a new judgment, effectively giving him a second chance to file a notice of appeal. The defendant asserts that such action would be in the interest of justice and equity and would avoid a motion under 28 U.S.C. § 2255 for ineffective assistance of counsel. (Doc. No. 100: Motion at ¶ 18). The Rules of Criminal Procedure only allow the Court to correct a judgment for clear error within seven days of entry, Fed. R. Crim. P. 35(a), or at any time to correct a clerical error, Fed. R. Crim. P. 36. The defendant has not provided any authority establishing the Court's discretion to issue a new judgment to overcome a time-barred appeal, and the decisions of the Fourth Circuit are contrary to his position. United States v. Reyes, 759 F.2d 351, 353 (4th Cir.1985) (§ 2255 action is appropriate remedy for failure to file timely notice of appeal); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir.1982) (compliance with Fed. R. App. P. 4(b) is mandatory).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: November 28, 2006

Robert J. Conrad, Jr.
Chief United States District Judge