IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr258

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| HUNG VAN NGUYEN | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the second motion of the defendant to issue a new judgment to enable him to file notice of appeal. (Doc. No. 110).

The Court denied the previous motion (Doc. No. 100) on the basis that it lacked authority to extend the deadline for filing an appeal pursuant to Fed. R. App. P. 4 and that there was no basis to correct the judgment under Fed. R. Crim. P. 35 or 36. (Doc. No. 101: Order). In the instant motion, the defendant invokes the "broad and flexible power" of the Court pursuant to 28 U.S.C. § 2255 to fashion an appropriate remedy. (Doc. No. 110: Motion at ¶ 9). It is not clear, however, that the defendant intended to file a motion to vacate under § 2255.

The Court is required to allow a defendant the opportunity to express his intent in regard to such a filing. Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008). In making this determination, the defendant should be aware that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period.[1]

---

[1] Specifically, the Act provides:
    A 1-year period of limitation shall apply to a motion under this section.
The limitation period shall run from the latest of–
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created

The defendant should be further aware that second or successive motions under § 2255 generally are prohibited. 28 U.S.C. § 2255. Therefore, a second or successive motion would have to be certified by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244. Certification for second or successive motions to vacate rarely is granted.

It further appears to the Court that the limitations period for filing a motion to vacate has expired. The Fourth Circuit has directed district courts to warn a defendant where it appears that his habeas claim is subject to dismissal as untimely. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Sexton, No. 02-6273, slip op. at 1 (4th Cir. Feb. 28, 2003). Here, the defendant's conviction and sentence became final on September 19, 2006, when the time for filing a direct appeal expired. United States v. Johnson, No. 99-7005, 2000 WL 37753 (4th Cir. Jan. 19, 2000). Although the previous motion was resolved within the one-year limitations period, the instant motion was not filed until September 12, 2008, well after the limitations period expired.

---

> by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**IT IS THEREFORE, HEREBY ORDERED** that within twenty (20) days of the date of this Order, the defendant shall file a document:

1. stating whether or not he wants this Court to treat the instant motion (Doc. No. 110) as a motion to vacate under § 2255;

2. if the defendant elects to treat the instant motion as a motion to vacate under § 2255, he must explain why he believes the claim that his attorney failed to file a notice of appeal when directed to do so should be deemed timely filed; and

3. if the defendant fails timely to respond, the Court will not consider the instant motion to be a motion to vacate under § 2255, and it will be denied on the same basis as the previous motion.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: September 29, 2008

Robert J. Conrad, Jr.
Chief United States District Judge